UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCEL KOSZKUL,

                              Plaintiff,

          -against-

MICHELLE CARNEY,

                              Defendant.

23-CV-6439 (JGLC)

**MEMORANDUM
OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

In 2022, Defendant Michelle Carney filed a formal complaint with the Rochester Institute of Technology ("RIT") alleging that Plaintiff Marcel Koszkul, a classmate of hers at RIT, had sexually assaulted her. RIT held a hearing, after which it issued a report stating that it did not find factual support for Carney's accusations. Koszkul now brings this action against Carney alleging libel *per se* related to Carney's statements to RIT. Because venue is improper here, and because the statute of limitations would prevent Koszkul from successfully re-filing this action in an appropriate district, the Court transfers this action to the Western District of New York.

## BACKGROUND

The following facts are, unless otherwise noted, taken from the Amended Complaint and presumed to be true for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp.*, PLLC, 570 F.3d 471, 475 (2d Cir. 2009).

Plaintiff and Defendant were in a romantic relationship from September 2021 to November 2021, while they were students and rowers for the rowing team at RIT. ECF No. 14 ("Amended Complaint" or "Am. Compl.") ¶¶ 10, 16. Their friends and other students were aware of their relationship. *Id.* ¶ 11. Their relationship ended in November 2021. *Id.* ¶ 12. In

April 2022, Plaintiff heard rumors that someone on the men's team had raped someone on the women's team, but he was not aware that the rumors were about him. *Id*. ¶¶ 13–14.

On July 29, 2022, Defendant sent a statement to RIT's Office of Student Conduct and Conflict Resolution stating that she was "sexually assaulted/raped by [Plaintiff] at his house during a party he was hosting." *Id*. ¶¶ 15–16; ECF No. 14-1. On August 22, 2022, Defendant submitted a formal complaint to RIT's Office of Student Conduct and Conflict Resolution, which reported that Plaintiff had sexually assaulted Defendant on three separate occasions in September and October 2021. Am. Compl. ¶ 21; ECF No. 14-2 at 1. Defendant later brought additional written accusations that also accused Plaintiff of sexual assault. Am. Compl. ¶ 22.

RIT conducted a hearing regarding the allegations on April 19, 2023. *Id*. ¶ 25. Both Plaintiff and Defendant were questioned and spoke at the hearing, which was presided over by two RIT officials and one outside attorney hired by RIT. *Id*. ¶¶ 25–26. On May 5, 2023, RIT delivered a written decision rejecting Defendant's nine accusations. *Id*. ¶ 28; ECF No. 14-3. Plaintiff alleges that, although the finding exonerated him, Defendant's allegations have severely damaged him both professionally and personally. Am. Compl. ¶ 30.

Plaintiff filed this case on July 26, 2023. ECF No. 1. On September 22, 2023, Defendant brought an Article 78 proceeding in Monroe County Supreme Court against RIT to contest the outcome of RIT's adjudication. ECF No. 18-2 at 1, 4. On October 20, 2023, Defendant moved to dismiss this action, based in part on improper venue. ECF No. 17.

Plaintiff is a resident and citizen of Connecticut. Am. Compl. ¶ 7. Defendant is a resident and citizen of New York. *Id*. ¶ 8. Defendant's permanent residence is in Saratoga County, New York, and she resides in Monroe County, New York. ECF No. 18 ("Mot.") at 17.

**DISCUSSION**

Under Section 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "Plaintiff bears the burden of establishing venue is proper." *Rankel v. Kabateck*, No. 12-CV-216 (VB), 2013 WL 7161687, at *2 (S.D.N.Y. Dec. 9, 2013) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)). District courts are "required to construe the venue statute strictly." *Gulf Ins. Co.*, 417 F.3d at 357.

When a case is brought where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Courts have "considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Medicine,* 428 F.3d 408, 435 (2d Cir. 2005) (internal citation omitted). Courts in the Second Circuit consider factors including whether the transfer would "alleviate a procedural obstacle," such as a statute of limitation, and "whether transfer would severely prejudice the defendant." *Paroni v. Gen. Elec. UK Holdings Ltd.*, No. 19-CV-1034 (PAE), 2021 WL 5154111, at *1 (S.D.N.Y. Nov. 5, 2021) (internal citations and quotation marks omitted).

## I.     The Southern District of New York Is an Improper Venue

Under Section 1391(b), the Southern District of New York is an improper venue. First, Defendant does not reside in the Southern District of New York. *See* 28 U.S.C. § 1391(b)(1). Defendant's permanent residence, and domicile, is in Saratoga County, New York, which is

within the Northern District of New York, and she resides in Monroe County, New York, which is within the Western District of New York. *See* Mot. at 17.

Second, none of the events that gave rise to Plaintiff's claims occurred in the Southern District. *See* 28 U.S.C. § 1391(b)(2). Instead, the events occurred at RIT, which is in the Western District. Mot. at 4. Plaintiff and Defendant were students at RIT and thus presumably lived on or near campus during the school year at the time of the alleged libelous statements. *See* Am. Compl. ¶ 10. Their friends and others who heard rumors that someone on the men's team had raped someone on the women's team also presumably lived on or near campus, in the Western District, at the time of the alleged statements. *See id.* ¶¶ 11, 13. Defendant made the allegations to RIT's Office of Student Conduct and Conflict Resolution, which is in the Western District, and RIT conducted the hearing in the Western District. *Id.* ¶ 21, 25. And neither party contends that this case could *not* have been brought in another district. *See* 28 U.S.C. § 1391(b)(3). As such, venue is improper in the Southern District.

## II.    The Interest of Justice Favors the Transfer of Venue to the Western District of New York

Although venue is improper here, dismissing the case on that basis would bar Plaintiff from suing in the appropriate venue. Under New York law, a claim for libel must be "asserted within one year of the date on which the libelous material first was published." *Hanly v. Powell Goldstein, L.L.P.,* 290 Fed. App'x. 435, 439 (2d Cir. 2008); N.Y. C.P.L.R. § 215(3). Defendant submitted her formal complaint to RIT on August 22, 2022. Am. Compl. ¶ 21. She later brought additional written accusations against Plaintiff. *Id*. ¶ 22. RIT held a hearing on April 19, 2023, at which Plaintiff and Defendant spoke, and issued its report on May 5, 2023. *Id*. ¶¶ 25, 28. Dismissing the claim would bar Plaintiff from successfully bringing the claim in another court, whereas transferring the matter would allow Plaintiff to begin the case in a proper venue. *See*

*Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 172–73 (S.D.N.Y. 2009) (cleaned up) ("Dismissal is a severe penalty that will not ordinarily be imposed where the statute of limitations has run and plaintiff's claim will be essentially extinguished.").

Additionally, transfer would not "severely prejudice" Defendant because she lives approximately 18 miles from the Western District compared to 188 miles from New York City and 175 miles from White Plains.[1] She also brought an action in a state court located within the Western District. In light of these considerations, the Court exercises its discretion to transfer the case to the Western District of New York.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to transfer venue is GRANTED. Having so ruled, the Court will not resolve Defendant's motion to dismiss. *See Clesi v. Zinc Corp. of Am.*, No. 00-CV-6786 (DLC), 2001 WL 225241, at *3 (S.D.N.Y. Mar. 6, 2001) (granting defendants' motion to transfer but reserving decision on motion to dismiss). The Clerk of Court is directed to transfer this case to the Western District of New York.

Dated:  July 26, 2024
         New York, New York

                                        SO ORDERED.

                                        *Jessica Clarke*
                                        _____
                                        JESSICA G. L. CLARKE
                                        United States District Judge

---

[1] When determining geography and distance, "[g]eography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial." *United States v. Hernandez-Fundora*, 58 F.3d 802, 811 (2d Cir. 1995) (internal citation omitted).