UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marcel Koszkul,<br><br>                              Plaintiff,<br><br>         v<br><br>Michelle Carney,<br><br>                              Defendant | 24-cv-06480-EAW<br><br>Hon. Elizabeth A. Wolford<br><br>**THIRD-PARTY PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTIOIN TO SEAL** |
| Michelle Carney,<br><br>          Third Party Plaintiff,<br><br>         v<br><br>Rochester Institute of Technology,<br><br>          Third Party Defendant. | |

**THIRD-PARTY PLAINTIFF'S
MEMORANDUM OF LAW IN SUPPORT OF MOTIOIN TO SEAL**

i

# TABLE OF CONTENTS

*I. TABLE OF AUTHORITIES*......................................................................................................*iii*
*II. PRELIMINARY STATEMENT*................................................................................................ *1*
*III. STATEMENT OF FACTS* ....................................................................................................... *1*
*IV. LEGAL ARGUMENT* ............................................................................................................. *2*
**I.    The court should grant Ms. Carney's request to seal Exhibit 7 to her third party complaint against RIT.** ........................................................................................................... 2
*V. CONCLUSION* ........................................................................................................................ *6*

## TABLE OF AUTHORITIES

**Cases**

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016) .......................... 2
*Doe v. JP Morgan Chase Bank, N.A.*, No. 22-cv-10019 (JSR), 2024 U.S. Dist. LEXIS 134241 (S.D.N.Y. July 29, 2024) ........................................................................................................................... 3
*Doe v. Tencza*, No. 3:11cv1617 (JBA), 2012 U.S. Dist. LEXIS 112109 (D. Conn. Aug. 9, 2012) ........... 3
*Giuffre v. Dershowitz*, 2020 U.S. Dist. LEXIS 164523, 2020 WL 5439623 (S.D.N.Y. Sept. 9, 2020 ....... 3
*Kemp v. Noeth* 2021 U.S. Dist. LEXIS 75057, 2021 WL 1512712 (S.D.N.Y. Apr. 15, 2021) .................. 3
*Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006) ............................................................................. 2
*Major League Baseball Players Ass'n v. Arroyo*, No. 24-cv-3029 (LJL), 2024 U.S. Dist. LEXIS 117920 (S.D.N.Y. July 1, 2024) ............................................................................................................. 4
*Mezu-Ndubuisi v. Univ. of Rochester*, No. 6:24-cv-06387-EAW, 2024 U.S. Dist. LEXIS 183960 (W.D.N.Y. Oct. 8, 2024) ............................................................................................................ 4
*Murphy v. Warden of Attica Corr. Facility*, 2020 U.S. Dist. LEXIS 219303, 2020 WL 6866403 (S.D.N.Y. Nov. 23, 2020) .......................................................................................................... 3
*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ................................................................... 2
*Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022) ............................................................ 2
*Osram Sylvania, Inc. v. Ledvance LLC*, No. 20-CV-9858 (RA), 2021 U.S. Dist. LEXIS 22447 (S.D.N.Y. Feb. 5, 2021) ............................................................................................................................. 4
*Savor Health, LLC v. Day*, No. 19-cv-9798 (RA), 2022 U.S. Dist. LEXIS 217225 (S.D.N.Y. Dec. 1, 2022) ........................................................................................................................................ 3

**Rules**

Fed. R. Civ. P. 26(c)(7) ............................................................................................................................. 2

**Statute**

Family Educational Rights and Privacy Act; 20 U.S.C. § 1232g……………………………………….5

## PRELIMINARY STATEMENT

Defendant/third party plaintiff Ms. Carney, seeks to seal Exhibit 7 (Final Investigation Report) to her Third Party Complaint against third party defendant RIT ("RIT") as this document contains sensitive information related to plaintiff ("Mr. Kozkul"), defendant/third party plaintiff ("Ms. Carney"), and other non-party students and or/former non-party students of RIT. Additionally, Exhibit 7 contains highly sensitive and explicit content related to RIT's investigation into alleged sexual misconduct.

## STATEMENT OF FACTS

Ms. Carney respectfully refers the Court to Mr. Kozkul's Amended Complaint (Dkt. 14) and Ms. Carney's Third Party Complaint against RIT (Dkt. 42) for a full recitation of the facts related to this matter.

## LEGAL ARGUMENT

A party moving to file documents under seal must overcome the "strong presumption of public access" to judicial documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022). The strong presumption in favor of public access to judicial documents is not absolute and can be overridden by compelling reasons that justify sealing. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016). The law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. Fed. R. Civ. P. 26(c)(7). District courts are authorized to issue any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c).

### I. The court should grant Ms. Carney's request to seal Exhibit 7 to her Third Party Complaint against RIT.

The Court of Appeals for the Second Circuit has articulated a three-part test for evaluating whether documents submitted to a federal court may be sealed. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the court must determine whether the documents at issue are judicial documents. *Id* at 119. Second, it must assess the weight of the presumption of public access that attaches to those documents. *Id.* Third, the court must "balance competing considerations against" the presumption of access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). The Second Circuit has recognized that the protection of personal privacy interests can constitute a higher value that justifies sealing judicial documents. *Id.* (Judicial documents may still be sealed or redacted when doing so is necessary "to preserve higher values and is narrowly tailored to serve that interest.")

2

Specifically, the court has acknowledged that details of an alleged sexual assault are among the very limited circumstances warranting constitutional privacy protections. Protecting the identity of sexual assault survivors and the details of their assaults is traditionally considered private and has been widely recognized as a compelling reason to limit public access to judicial documents. *Doe v. JP Morgan Chase Bank, N.A.*, No. 22-cv-10019 (JSR), 2024 U.S. Dist. LEXIS 134241, at *22 (S.D.N.Y. July 29, 2024); *see also, Murphy v. Warden of Attica Corr. Facility*, 2020 U.S. Dist. LEXIS 219303, 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020) ("[P]rotecting the identity of the sexual assault victim [] provides a compelling reason to limit such access."); *Kemp v. Noeth*, 2021 U.S. Dist. LEXIS 75057, 2021 WL 1512712, at *2 (S.D.N.Y. Apr. 15, 2021) (same); *Giuffre v. Dershowitz*, 2020 U.S. Dist. LEXIS 164523, 2020 WL 5439623, at *2 (S.D.N.Y. Sept. 9, 2020) ("[Countervailing] interests are particularly acute given that the psychological and emotional wellbeing of survivors of alleged sexual assaults may be implicated by such a broad disclosure."). This aligns with the broader principle that private sexual matters warrant constitutional protection against public dissemination. *Doe v. Tencza*, No. 3:11cv1617 (JBA), 2012 U.S. Dist. LEXIS 112109 (D. Conn. Aug. 9, 2012). Given that Exhibit 7 contains sensitive information about a sexual assault investigation, sealing is necessary to protect the privacy of the individuals involved, particularly the non-party students.

Second, the court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure. *See Savor Health, LLC v. Day*, No. 19-cv-9798 (RA), 2022 U.S. Dist. LEXIS 217225 (S.D.N.Y. Dec. 1, 2022), *Osram Sylvania, Inc. v. Ledvance LLC*, No. 20-CV-9858 (RA), 2021 U.S. Dist. LEXIS 22447 (S.D.N.Y. Feb. 5, 2021). In this case, the privacy interests of the non-party students (whose information is protected from disclosure by the Family Educational Rights and Privacy Act; 20 U.S.C. § 1232g) and the sensitive nature of the

sexual assault investigation outweigh the public's interest in accessing Exhibit 7. This Court has previously allowed the sealing of documents containing confidential information about non-party entities, recognizing the significant privacy interests at stake. *Mezu-Ndubuisi v. Univ. of Rochester*, No. 6:24-cv-06387-EAW, 2024 U.S. Dist. LEXIS 183960 (W.D.N.Y. Oct. 8, 2024).

Furthermore, the court has emphasized that sealing orders must be narrowly tailored. Redacting sensitive information is a preferable alternative to sealing an entire document. However, in this instance, the nature of the information in Exhibit 7 is such that redaction may not sufficiently protect the privacy interests involved. The entire document pertains to a highly sensitive investigation, and piecemeal redactions could fail to prevent the disclosure of identifying details.

Finally, the Second Circuit has noted that documents used to determine litigants' substantive legal rights carry a strong presumption of access, but this presumption can be overcome by specific, on-the-record findings that sealing is necessary to preserve higher values. *Major League Baseball Players Ass'n v. Arroyo*, No. 24-cv-3029 (LJL), 2024 U.S. Dist. LEXIS 117920 (S.D.N.Y. July 1, 2024). Defendant/third party plaintiff has demonstrated that the information in Exhibit 7 is highly sensitive and uniquely private, involving non-party students and a sexual assault investigation. These factors constitute compelling reasons to seal the document to protect the privacy and dignity of the individuals involved.

In conclusion, the plaintiff's motion to seal Exhibit 7 should be granted. The sensitive nature of the information, the privacy interests of the non-party students, and the need to protect the integrity of the sexual assault investigation all justify sealing the document. The court should find that these compelling reasons outweigh the public's interest in access to this particular judicial document.

## CONCLUSION

For the reasons stated above, the Court should grant defendant/third party plaintiff's motion to seal Exhibit 7. The highly sensitive nature of the document, the substantial privacy interests of the non-party students, and the explicit details of the sexual assault investigation create compelling grounds to override the presumption of public access. Protecting the confidentiality of such information ensures the privacy and dignity of all involved parties while upholding the principles of justice. The sealing of Exhibit 7 is both necessary and narrowly tailored to address these unique circumstances.

Dated: December 18, 2024
      Rochester, New York

J. Morgan Levy Firm, PLLC
*/s/ J. Morgan Levy*
J. Morgan Levy, Esq.
24 Main St., Ste 2
Fairport, NY 14450
Attorneys for Plaintiff
E: morgan@jmorganlevyfirm.com
P: 585-678-1160