# EXHIBIT B

MONROE COUNTY CLERK'S OFFICE

THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3611749

Book    Page    CIVIL

Return To:

LAURA ANNE MYERS

350 Linden Oaks

Third Floor

Rochester, NY 14625

No. Pages: 20

Instrument: MISCELLANEOUS DOCUMENT

Control #:        202310230823

Index #:          E2023010932

Date: 10/23/2023

Carney, Michelle

Time: 1:00:49 PM

Rochester Institute of Technology

Total Fees Paid:                    $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE

WARNING – THIS SHEET CONSTITUTES THE CLERKS

ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &

SECTION 319 OF THE REAL PROPERTY LAW OF THE

STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

Case 6:24-cv-06480-EAW-MJP    Document 80-3    Filed 04/18/25    Page 3 of 21

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

In the Matter of the Application of

MICHELLE CARNEY,

                              Petitioner,                    Index No. E2023010932

            v.                                               Assigned Justice:
                                                             Hon. Kevin Nasca
ROCHESTER INSTITUTE OF TECHNOLOGY,

                              Respondent.

---

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT,
ROCHESTER INSTITUTE OF TECHNOLOGY'S
MOTION TO DISMISS**

Respectfully submitted:

BOND, SCHOENECK & KING, PLLC
Laura A. Myers, Esq.
Stephanie Hoppe Fedorka, Esq.
*Attorneys for Rochester Institute of
Technology*
350 Linden Oaks, Third Floor
Rochester, New York 14526
Telephone: (585) 362-4700

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT........................................................................................................................4

I.     PETITIONER LACKS STANDING TO BRING THIS ARTICLE 78
CHALLENGE OF RIT'S DETERMINATION IN THE UNDERLYING
INTERNAL TITLE IX GRIEVANCE PROCEDURE ..................................................4

II.    THE ARTICLE 78 PETITION MUST BE DISMISSED FOR FAILURE TO
JOIN A NECESSARY PARTY ..................................................................................8

      A.     The Respondent to Petitioner's Initial Complaint is a Necessary Party ...........8

      B.     An Amendment to the Petition Would be Futile .............................................10

      C.     Petitioner's Failure to Join Necessary Party Cannot be Excused....................12

III.   THE ARTICLE 78 PETITION FAILS TO ASSERT ATTAINABLE RELIEF
OR REDRESS FOR PETITIONER ...........................................................................13

      A.     Petitioner's Claim is Moot Because R Has Graduated and is No Longer
Under Respondent's Control ........................................................................13

      B.     Petitioner is Not Entitled to Monetary Damages ...........................................14

CONCLUSION..................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Ayuda Re Funding, LLC v. Town of Liberty,
    121 A.D.3d 1474 (3d Dep't 2014) ..................................................................................10, 11

Baker v. Town of Roxbury,
    220 A.D.2d 961 (3d Dep't 1995) ......................................................................................8, 10

Basha Kill Area Association v. Town Board of Town of Mamakating,
    302 A.D.2d 662 (3d Dep't 2003) ........................................................................................8, 9

Matter of Brennan Ctr. for Justice at NYU School of Law v. New York State Bd.
    of Elections,
    159 A.D.3d 1299 (3d Dep't 2018) ......................................................................................4, 7

Davis v. New York State Department of Education,
    96 A.D.3d 1261 (3d Dep't 2012) ...........................................................................................7

Freed v. New York State Racing and Wagering Bd.,
    9 A.D.3d 808 (4th Dept. 2004) ..............................................................................................9

Hitchcock v. Boyack,
    256 A.D.2d 842 (3d Dep't 1998) ........................................................................................8, 9

Lo v. George's University,
    No. 14 CV 3577, 2014 WL 6673849 (E.D.N.Y. 2014) ........................................................14

McGuinn v. City of New York,
    219 A.D.2d 489 (1st Dep't 1995) ...........................................................................................8

Metropolitan Taxicab Bd of Trade v. New York City Taxi &
    limousine Com'n, 115 A.D.3d 521 (1st Dep't 2014) ............................................................14

Morrow v. Cahill,
    278 A.D.2d 123 (1st Dep't 2000) ...........................................................................................7

New York State Ass'n of Nurse Anesthetists v. Novello,
    778 N.Y.S.2d 123 (2004) ........................................................................................................4

Red Hook/Gowanus Chamber of Commerce v. New York City Board of Stds.,
    5 N.Y.3d 452 (2005) .......................................................................................................10, 11

Romeo v. New York State Dept. of Education,
    41 A.D.3d 1102 (3d Dep't 2007) ..........................................................................................12

ii

Sassower v. Commission on Judicial Conduct of State,
    289 A.D.2d 119 (1st Dep't 2001) ............................................................................................7

Socy. of Plastics Indus., Inc. v. County of Suffolk,
    77 N.Y.2d 761 (1991) ..............................................................................................................4

Wade v. Suffolk County Med. Soc., Inc.,
    88 A.D.2d 602 (2d Dep't 1982) ...............................................................................................7

Windy Ridge Farm v. Assessor of Town of Shandaken,
    11 N.Y.3d 725 (2008) ............................................................................................................12

**Statutes**

CPLR §217 .......................................................................................................................3, 10

CPLR §1001(a) .......................................................................................................................8

CPLR §1001(b) .....................................................................................................................12

CPLR Rule 3211(a) .............................................................................................................3, 8

CPLR §7806 ....................................................................................................................13, 14

iii

## **PRELIMINARY STATEMENT**

This Petition seeks to challenge and vacate a decision of the Rochester Institute of Technology ("RIT" or the "University") dated May 5, 2023 wherein RIT found one of its students was not responsible for any alleged policy violations.

Petitioner is a student at RIT. Dkt. 1[1], p.19.  On August 22, 2022[2], Petitioner filed a formal internal complaint pursuant to RIT's Title IX sexual misconduct policy (the "Title IX Policy") against a fellow student, "R[3]" at RIT. Dkt. pp. 19-21; Dkt. 3.  Consistent with the Title IX Policy, RIT promptly took action, including issuing a "Notice of Investigation and Allegations.[4]" Dkt. 3. The Notice of Investigation and Allegations included important information regarding Petitioner's rights during the grievance process, and interim measures taken by the University. Dkt. 3. RIT took appropriate interim measures to protect Petitioner during the pendency of the grievance, including issuing mutual no contact orders prohibiting both parties from communicating with each other. Dkt. 3. Petitioner was also notified of her rights pursuant to the Title IX Policy grievance process. Dkt. 3.  RIT conducted an investigation pursuant to the Title IX Policy. Dkt. 1, p.22. On April 19, 2023, RIT conducted a hearing in accordance with the Title IX Policy. Dkt. 1, pp.33, 40. Petitioner submitted evidence to be considered in the investigation, participated in the hearing, and had assistance of a student advocate throughout the hearing. Dkt. 3.

---

[1] The Petition is referred to herein after as "Dkt. 1."

[2] The Petition states that Petitioner reported the conduct of R on July 29, 2022, and that she "subsequently filed a formal complaint of Title IX...to RIT." Dkt. 1, pp. 20-21. The Notice of Investigation and Allegations, found on page 9 of Exhibit 2 of the Petition (Dkt. 3, p. 9), states that Petitioner filed her internal formal Title IX complaint on August 22, 2022.

[3] RIT in compliance with FERPA and other regulations, is using the term "R" for the Respondent to Petitioner's initial complaint for sexual harassment that petitioner identifies on her Notice of Petition. See Dkt. No. 10.

[4] A copy of the "Notice of Investigation and Allegations" is identified as "Exhibit C" of the Evidence Packet which was submitted as "Exhibit 2" of the Petition, identified as Docket No. 3.

The hearing officers made a determination based on all of the evidence provided and reviewed in the course of the investigation and the hearing. Dkt. 1, pp. 33, 52; Dkt. 3; Dkt. 6. The hearing officers ultimately determined that based on a preponderance of the evidence, R was not found responsible for any of the alleged policy violations pursuant to the Title IX Policy. Dkt. 1, p. 51. The decision was issued and shared with Petitioner on May 5, 2023. Dkt. 1, p.51; Dkt. 6.

Notwithstanding the decision finding R not responsible for the alleged Title IX Policy violations, RIT kept in place the mutual no contact order "[a]s requested by both parties during the hearing," to remain in place "until either or both [R] and [Petitioner] are no longer students at RIT." Dkt. 6. In the written determination, RIT also notified Petitioner of her right to appeal the decision to the University Appeals Board by May 15, 2023. Dkt. 6.

R graduated from RIT on May 13, 2023, and was no longer affiliated or associated with the University thereafter. Dkt. 1, pp. 77-78. Pursuant to RIT's Title IX Policy (and applicable regulations), RIT does not have jurisdiction or control over individuals with respect to Title IX processes who have left the University or are no longer affiliated with the University in other manners. Dkt. 1, p.79. The Title IX Policy specifically provides, "This Policy applies to all RIT administrators, faculty, staff, students, and third parties, *within the university's control*." Dkt. 5, p. 1. (emphasis supplied).

Petitioner appealed the determination of the hearing officers.[5] Dkt. 1, p. 76. On May 22, 2023, the appeal board denied Petitioner's appeal on the basis that R was no longer a student or

---

[5] Interestingly, Petitioner fails to include a copy of her actual appeal and the underlying appeal documents. Despite exhaustion of administrative remedies constituting a pre-requisite to proper challenge via Article 78, Petitioner failed to include the appeal documents and instead only asserts that she appealed the matter to the University Appeals Board and that it was denied. Therefore, Respondent also raises the issue of proper exhaustion of remedies to the extent that Petitioner's underlying appeal did not specifically raise each and every issue now alleged and brought forward for review by this Court. Accordingly, Respondent hereby also raises the defense of proper exhaustion of administrative remedies and reserves the right to further address this issue in any subsequent Answer and opposition in point of law should this Motion to Dismiss not be granted.

2

affiliated with the University, and therefore could not be subjected to any further action or disciplinary conduct by the University pursuant to its Title IX Policy or other student disciplinary procedures and policies. Dkt. 1, p.76.

This Article 78 proceeding ensued seeking vacatur and reversal of the University's determination. On September 22, 2023, Petitioner filed her Notice of Petition and Article 78 Petition. Dkt. 1 ("Petition"); Dkt. 10 ("Notice of Petition). However, Petitioner did not file her Memorandum of Law in Support of her Article 78 Proceeding until September 25, 2023. Dkt. 7.[6]

Petitioner seeks to challenge the underlying determination that found R not responsible for the violations of the Title IX Policy. However, as explained in greater detail below, this Petition must be dismissed as a matter of law pursuant to New York Civil Procedure Law and Rules ("CPLR") §3211(a)(7) and (10) for lack of standing, redressability, and failure to join a necessary party. Accordingly, Petitioner's Petition is fatally flawed, and any amendment would be futile. For these reasons, Respondent respectfully requests that the Court dismiss this Petition with prejudice, and order any further relief that is deemed appropriate.

---

6 Because the statute of limitations on Petitioner's claim expired on September 22, 2023, RIT requests that the Court disregard Petitioner's Memorandum of Law, which was filed on September 25, 2023, after the four month statute of limitations deadline expired. See CPLR §217; Dkt. No. 7. Respondent further objects to Petitioner's Memorandum of Law because it was never personally served on Respondent. See Dkt. No. 12 (identifying on Notice of Petition and Petition as the only documents served on Respondent).

## ARGUMENT

### I.    PETITIONER LACKS STANDING TO BRING THIS ARTICLE 78 CHALLENGE OF RIT'S DETERMINATION IN THE UNDERLYING INTERNAL TITLE IX GRIEVANCE PROCEDURE[7]

This Petition must be dismissed with prejudice because Petitioner lacks the requisite standing to challenge the underlying administrative decision in this case. Standing is a threshold requirement for a petitioner seeking to challenge an action pursuant to Article 78 of the CPLR. New York State Ass'n of Nurse Anesthetists v. Novello, 778 N.Y.S.2d 123 (2004).

> The two-part test for determining standing is a familiar one. First a plaintiff must show 'injury in fact' meaning that plaintiff will actually be harmed by the challenged administrative action. As the term itself implies, the injury must be more than conjectural. Second, the injury a plaintiff asserts must fall within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted.

Id. at 125. Further, [t]o confer standing, a claimed injury may not depend upon speculation about what might occur in the future, but must consist of cognizable harm, meaning that petitioner has been or will be injured." Matter of Brennan Ctr. for Justice at NYU School of Law v. New York State Bd. of Elections, 159 A.D.3d 1299 (3d Dep't 2018). "The existence of an injury in fact—an actual legal stake in the matter being adjudicated—ensures that the party seeking review has some concrete interest in prosecuting the action which casts the dispute in a form traditionally capable of judicial resolution." Socy. of Plastics Indus., Inc. v. County of Suffolk, 77 N.Y.2d 761, 772 (1991).

Petitioner has not asserted, and in fact, cannot assert an injury in fact necessary to establish standing in this proceeding. As explained above, this decision directly challenges and seeks to

---

[7]    While it is Respondent's position that Petitioner's Memorandum of Law should not be considered by the Court, even if it were considered, none of case law cited in the Memorandum of Law contains similar facts or circumstances, which would provide a legal basis establishing Petitioner has standing in this case.

reverse or vacate the decision of the University in an investigation and determination of a Title IX sexual misconduct complaint brought against a then-fellow student. Ultimately, the University determined that the preponderance of the evidence presented in the investigation and hearing did not support a finding that R's actions were in violation of the Title IX Policy. Dkt. 1, p.51; Dkt. 6.

Petitioner appealed the determination to the University Appeals Board. Dkt. 1, p.76. R graduated on May 13, 2023. Dkt. 1, p.77. It is undisputed that the University no longer had jurisdiction, control, or authority over R after his departure from the University. Dkt. 1, p.79; Dkt. 5, p.1. Therefore, the University denied the appeal as it had no further jurisdiction to continue to review or subject R to further proceedings pursuant to the Title IX Policy or student code of conduct. Dkt. 1, 79-80.

In support of this claim the Petition contains only a conclusory assertion that she has been caused "irreparable harm" and "irreparable financial harm" in her Petition. Dkt. 1, pp. 83, 88, 92 98. Petitioner has not offered any evidence or described any actual harm she will suffer if this determination is not reversed or vacated. Petitioner was not subjected to any disciplinary action herself as a result of this determination, nor has she been subjected to any other direct action by the University as a result of the determination.

While Petitioner was a student and the investigation was ongoing and even thereafter, RIT took appropriate interim action to protect Petitioner consistent with its Title IX Policy and related procedures. For example, RIT issued mutual no contact orders that were in effect from the time that Petitioner received the Notice of Investigation on August 22, 2023. Dkt. 3. RIT also provided Petitioner with access to supportive resources, including but not limited to counseling, emotional support services from the Campus, Advocacy, Response and Support ("CARES") Team, as well as the University's Counseling and Psychological Services ("CAPs"), and access and entitlement

to an advocate to "guide and accompany" her throughout the Title IX grievance process. Dkt. 3. Even after the determination was issued, RIT continued to keep in place the mutual no contact order pursuant to the parties' requests. Dkt. 6.

One purpose of the Title IX Policy is to establish a grievance procedure which provides recourse for members of the RIT community when they believe they have been subjected to conduct which would constitute a violation of the policy. This includes implementation of appropriate interim measures intended to protect the complaining party, as well as providing support resources for the aggrieved individual. In this regard, the University can only ever take actions that are within its control. In cases where the grievance procedure results in a determination that the Title IX Policy has been violated, the University may implement "sanctions" which will consider whether the sanction will "[b]ring an end to the violation in question; reasonably prevent a recurrence of a similar violation; and remedy the effects of the violation on the Complainant and the RIT Community." Dkt. 5.

However, where a student is no longer under the University's control, those sanctions cannot be implemented. R has been gone from the University since May 13, 2023. Petitioner has been under no risk of interacting with R or coming in any contact with him, at least certainly not within the scope of RIT's control. If this Court were to vacate the hearing officer's determination, Petitioner remains in an identical position to which she currently is in. RIT took all appropriate and necessary measures while R was a student, and therefore while this matter was within its control. Given that R has no current relationship with RIT as a student, employee, or other individual within RIT's control, there is nothing else that RIT can, or could, do with respect to actions that would provide anything more to Petitioner.

6

While the Petitioner alleges to have suffered injuries as a result of any alleged conduct in her initial complaint, she has failed to demonstrate that she has suffered an actual or threatened injury from RIT's decision finding R not responsible for violations of the RIT Title IX sexual misconduct and code of conduct policies. Courts have consistently dismissed Article 78 Petitions under similar circumstances for lack of standing. See, Davis v. New York State Department of Education, 96 A.D.3d 1261, 1261 (3d Dep't 2012) (upholding dismissal of Article 78 petition brought by individual who filed complaint with NYS Department of Education alleging that a physical therapist whom he received treatment from engaged in professional misconduct in the form of inappropriate touching for lack of standing); Wade v. Suffolk County Med. Soc., Inc., 88 A.D.2d 602 (2d Dep't 1982) (holding that petitioner in Article 78 proceeding did not have standing to bring petition challenging determination of Suffolk County Medical Society, Inc. not to impose disciplinary measures against member, and affirming dismissal of petition); Sassower v. Commission on Judicial Conduct of State, 289 A.D.2d 119, 119 (1st Dep't 2001) (upholding dismissal of petition for lack of standing where petitioner filed an application with the Commission on Judicial Conduct of State alleging judicial misconduct and the Commission declined to investigate; petitioner "failed to demonstrate that she personally suffered some actual or threatened injury as a result of the putatively illegal conduct"); Morrow v. Cahill, 278 A.D.2d 123 (1st Dep't 2000) (dismissing Article 78 petition challenging Departmental Disciplinary Committee's determination not to institute proceedings against petitioner's former counsel; petitioner was not found to have standing because there was no direct and harmful effect on him by the Committee's decision not to institute proceedings against former counsel); Matter of Brennan Ctr. For Justice at NYU School of Law, 159 A.D.3d 1299 (upholding dismissal of Article 78 petition for lack of standing).

7

Given the undisputed factual circumstances, Petitioner simply does not have standing to challenge this determination, and therefore, the Petition must be dismissed with prejudice.

## II.    THE ARTICLE 78 PETITION MUST BE DISMISSED FOR FAILURE TO JOIN A NECESSARY PARTY

### A.    The Respondent to Petitioner's Initial Complaint is a Necessary Party

The New York Civil Practice Law and Rules ("CPLR") clearly defines the necessary parties, who should be included in any pending litigation.

> Parties who should be joined. Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action *who might be inequitably affected by a judgment in the action* shall be made plaintiffs or defendants . . .

CPLR §1001(a) (emphasis supplied). Where a potential party's most basic rights can be affected by a judgment, failure to include them as a necessary party serves as independent grounds for a motion to dismiss. See CPLR Rule 3211(a)(10). See also Hitchcock v. Boyack, 256 A.D.2d 842, 844 (3d Dep't 1998) (the "possibility that a judgment rendered without [the omitted party] could have an adverse practical effect [on that party] is enough to indicate joinder."). Further, "a principal reason for compulsory joinder of parties is to protect nonparties whose rights should not be jeopardized if they have a material interest in the subject matter." Id. For example, in Baker v. Town of Roxbury, 220 A.D.2d 961 (3d Dep't 1995), the appellate division found that an Article 78 Petition should have been dismissed where a property owner sued the Town of Roxbury for improperly issuing a license to run a junkyard (and asking that the license be revoked), but failed to include the license holder as a respondent in the action. The trial court ordered the petitioner to amend its petition to add the licensee as an additional party. Id. at 962. On appeal, however, the court found dismissal was the appropriate remedy (rather than amendment) where the four month statute of limitations for an Article 78 proceeding had already run. Id. at 963. See also, McGuinn v. City of New York, 219 A.D.2d 489, 490 (1st Dep't 1995) (finding individuals whose civil service

8

status could be altered in the event the court ruled in petitioner's favor were necessary parties);
Basha Kill Area Association v. Town Board of Town of Mamakating, 302 A.D.2d 662 (3d Dep't
2003) (finding all property owners impacted by zoning law were necessary parties to Article 78
proceeding filed by environmental group who sought to overturn the zoning law); Freed v. New
York State Racing and Wagering Bd., 9 A.D.3d 808, 809 (4th Dept. 2004) ("[a] party whose interest
may be adversely effected by a potential judgment must be made a party in a CPRL article 78
proceeding.")

    In the present case, the Notice of Petition states that Petitioner is seeking "entry of judgment
against respondent Rochester Institute of Technology ("RIT") for a reversal of its determination
made on May 5, 2023 which found former RIT student [R] not responsible for a violation of its
code of conduct . . ." See Dkt. No. 10 at p. 1. In each of the four causes of action contained in the
Petition, the relief sought by Petitioner states "Petitioner respectfully requests this court vacate
RIT's determination." See Dkt. 1 at p. 12-14 of 16. Finally in the "WHEREFORE" clause at the
end of the Petition, Petitioner requests "A determination the findings arrived at by the hearing
board related to Ms. Carney's complaint of sexual harassment be vacated." Id. at p. 14 of 16.
Regardless of whether Petitioner is seeking to "reverse" the determination that R was "not
responsible for violation of [RIT's] code of conduct," or "vacate" that determination, there is no
question that there is a distinct "possibility that a judgment rendered without [R] could have an
adverse practical effect on [R]." Hitchcock, 256 A.D.2d at 961. The adverse effect being that RIT
would either determine that R was, in fact, guilty of violations of RIT's sexual harassment and/or
other policies, or at least that the determination that he was "not responsible for violation of RIT's
code of conduct" was a nullity (and that charge was left unresolved). Dkt. No. 10 at p. 1. To not
include R as a party to this Petition, so that he has the opportunity to defend himself, clearly

"jeopardize[s] … [his] material interest in the subject matter." Baker, 220 A.D.2d at 961. For the reasons described above, Petitioner failed to properly include R as a necessary party to this action.

## B.  An Amendment to the Petition Would be Futile

While in response to this Motion to Dismiss, Petitioner could request the opportunity to amend the Petition to include R as a necessary party, that amendment would be futile. Pursuant to CPLR §217, a petitioner has four months to file an Article 78 petition after a final determination has been made. CPLR §217(1). The final determination was made when the Petitioner's appeal was decided on May 22, 2023. See Dkt. No. 1 at p. 11 of 16. Therefore, the statute of limitations on Petitioner's claim expired on September 22, 2023. Petitioner, therefore, missed the statute of limitations deadline to file this proceeding, including all necessary parties.

While there is an exception to adding a party within the statute of limitations by "relating back" to the initial filing date, that requires that the new party be "united in interest" with another party to the proceeding. Red Hook/Gowanus Chamber of Commerce v. New York City Board of Stds., 5 N.Y.3d 452, 457 (2005). That circumstance is not present here. In Baker v. Town of Roxbury, the Court noted that the united in interest defense has three separate components. 220 A.D.2d at 963. The three components are: "(1) both claims must arise out of the same conduct, transaction or occurrence; (2) the party to be joined must be united in interest with the original named defendant and, by reason of that relationship, can be charged with notice of the commencement of the action such that the party to be joined will not be prejudiced in maintaining his or her defense due to the delay, and (3) the party to be joined knew, or should have known, that but for an excusable mistake by the plaintiff, the action would have been brought against him or her as well." Id. In the present case R is not in unity of interest with RIT. As the Court noted in Ayuda Re Funding, LLC v. Town of Liberty, 121 A.D.3d 1474 (3d Dep't 2014), the municipality, who made the zoning changes would not have the same interests as property owners who were impacted by

Case 6:24-cv-06480-EAW-MJP    Document 80-3    Filed 04/18/25    Page 17 of 21

the zoning changes. See also Red Hook/Gowanus Chamber of Commerce, 5 N.Y.3d at 457 (noting

because both the developer and the City "had the same immediate purpose in opposing the article

78 petition –maintaining the status of the variance—that, in and of itself does not create a unity of

interest such that an action against [the developer] relates back to the filing date of the petition.").

RIT in this situation, as a private university charged with supporting all of its students and

implementing and following policies in the best interest of all of its students, is akin to the

municipality, and R, who would only be interested in protecting his personal interests (maintaining

the determination that he did not violate RIT's sexual harassment policy), is akin to the property

owners (or developers). New York Courts, including the Court of Appeals, have clearly found that

a unity in interest must be a full unified interest of the parties in all interests, rather than a limited

interest in opposing the Article 78. Red Hook/Gowanus Chamber of Commerce, 5 N.Y.3d at 457.

Therefore, it is clear RIT and R are not united in interest for the purposes of the relation back

doctrine.

    With regard to the third component, in determining whether the petitioner made an

"excusable mistake" in failing to join the party, the Court must look at whether the petitioner was

aware of the identity of the non-joined necessary party. If they were aware, the Petitioner's failure

to "appreciate that [they] were legally required to . . . name [the necessary party] in the

proceedings" is not protected by the relation back doctrine. Ayuda Re Funding, LLC, 121 A.D.3d

at 1476. In the present case Petitioner obviously knows R's identity and Petitioner has presented

no evidence that R knew or should have known that Petitioner would be filing this proceeding.

Instead, Petitioner has acknowledged that R is no longer a student at RIT and therefore, RIT had

no obligation to inform him of this lawsuit (and did not inform him). Dkt. No. 1 at ¶77-78; Further,

as argued above, this Petitioner did not have proper standing to bring this claim, and therefore R

had no reason to know or assume a proceeding of this nature would be filed. See supra Argument Section I. For each of these reasons, RIT and R were not united in interest and any amendment to the Petition would be futile.

### C.    Petitioner's Failure to Join Necessary Party Cannot be Excused

While CPLR §1001(b) sets forth five factors a Court may consider in permitting a proceeding to continue without a necessary party where a court can obtain jurisdiction only by consent or appearance, those five factors need not be reviewed here. In Windy Ridge Farm v. Assessor of Town of Shandaken, 11 N.Y.3d 725, 726 (2008), the Court of Appeals held that where the Court would be able to obtain jurisdiction over the non-joined necessary party, and the statute of limitations has already run, the five factors need not be considered. Id. CPLR §1001(b) states that where a party is subject to the court's jurisdiction, "the court shall order him summoned". Id. See also, Romeo v. New York State Dept. of Education, 41 A.D.3d 1102, 1104 (3d Dep't 2007) (noting "a statute of limitations does not deprive a court of jurisdiction nor even a litigant of a substantive right, but merely is a defense which may, if properly asserted, deprive a plaintiff of any remedy from a defendant."). In the present case, Petitioner has provided no evidence that this court would not have jurisdiction over R[8], and the expiration of the statute of limitations would therefore render any attempt to amend the petition to add R as a party, futile. Therefore, dismissal of this Article 78 proceeding is appropriate and necessary. Id

---

[8]  In fact, we have every reason to believe Petitioner would have jurisdiction over R considering Petitioner is currently involved in another lawsuit filed by R in the Southern District of New York. See Dkt. No. 7 at p. 5 of 28.

III.    **THE ARTICLE 78 PETITION FAILS TO ASSERT ATTAINABLE RELIEF OR REDRESS FOR PETITIONER**

A.    **Petitioner's Claim is Moot Because R Has Graduated and is No Longer Under Respondent's Control**

CPLR §7806, which governs what relief can be provided to a petitioner in an Article 78 proceeding states:

> [t]he judgment may grant the petitioner the relief to which he is entitled, or may dismiss the proceeding either on the merits or with leave to renew. If the proceeding was brought to review a determination, the judgment may annul or confirm the determination in whole or in party, or modify it, and may direct or prohibit specified action by the respondent.

CPLR §7806. As described above, Petitioner makes multiple claims for relief in her Petition and supporting papers. The Petition states in each of the four causes of action that Petitioner has suffered "irreparable harm" and that "Petitioner respectfully requests this court vacate RIT's determination." See Dkt. 1 at p. 12-14 of 16. Finally, in the Petition's "WHEREFORE" clause, Petitioner requests "[a] determination the findings arrived at by the hearing board related to Ms. Carney's complaint of sexual harassment be vacated." Id. at p. 14 of 16.

With regard to Petitioner's request that the Court "vacate" RIT's determination that R was "not responsible for a violation of its code of conduct . . .", this action alone fails to provide actual redress to Petitioner. As indicated above, R graduated from RIT on May 13, 2023. R's graduation officially ended his relationship with RIT and after May 13, 2023, RIT is unable to subject R to discipline pursuant to its policies. See Dkt. No 1. at ¶77-79. These facts were acknowledged in the Petition, and are also spelled out in RIT's "Policy on Title IX Sexual Harassment for Faculty, Staff, and Students", which was attached as Exhibit 4 to the Petition. See Dkt. No. 5. Specifically, the policy states "[t]his Policy applies to all RIT administrators, faculty, staff, students and third parties within the university's control." Dkt. No. 5 at p. 1 of 15, Section II. As indicated above, Petitioner has even acknowledged that R is no longer a student or subject to RIT's policies or

13

control. Dkt. No. 1 at ¶79. Because neither the Court, nor RIT have the power to redress Petitioner's alleged harm, the Petition must be dismissed.

### B.    Petitioner is Not Entitled to Monetary Damages

Finally, Petitioner makes a cryptic reference in the Petition to "irreparable financial harm" under her second, third and fourth causes of action. See Dkt. No. 1 at pp.13-14 of 16. However, under these circumstances, Petitioner is not entitled to monetary damages. NY CPLR 7806, which governs when a petitioner in an Article 78 may recover monetary damages states: "[a]ny restitution or damages granted to the petitioner must be incidental to the primary relief sought by the petitioner . . ." CPLR 7806. Damages are deemed to be incidental where "the obligation to reimburse [the petitioner] must arise from the [respondent's] withholding of amounts that it should have paid to the petitioner or its retention of amounts it should not have collected." Metropolitan Taxicab Bd of Trade v. New York City Taxi & limousine Com'n, 115 A.D.3d 521, 522 (1st Dep't 2014). See also, Lo v. George's University, No. 14 CV 3577, 2014 WL 6673849 at *8 (E.D.N.Y. 2014) (denying petitioner monetary damages as not incidental where he sought lost earnings and salary because these were not amounts withheld or wrongly collected by the respondent).

In the present case the Petitioner does not allege that RIT either improperly collected monies from her, or failed to pay her monies that she was owed. Therefore, any claim for monetary damages under this action are not incidental, and any potential claim to monetary damages must be dismissed.

14

Case 6:24-cv-06480-EAW-MJP   Document 80-3   Filed 04/18/25   Page 21 of 21

# CONCLUSION[9]

For all of the foregoing reasons, Respondent respectfully requests this Court grant the

University's motion to dismiss the Petition, in its entirety, along with whatever further relief the

Court deems appropriate.

BOND, SCHOENECK & KING, PLLC
*Attorneys for Rochester Institute of Technology*

By: _____

Laura A. Myers, Esq.
Stephanie Hoppe Fedorka, Esq.
350 Linden Oaks, Third Floor
Rochester, New York 14526
Telephone: (585) 362-4700
Email: lmyers@bsk.com
         sfedorka@bsk.com

---

[9] In the event the court denies Respondent's motion to dismiss, Respondent is entitled to serve its Answer and enter Objections to Points of Law pursuant to CPLR 7804(f).

15